```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF UTAH
_____

SHAYNE E. TODD,                  ) **DISMISSAL ORDER &**
                                 ) **MEMORANDUM DECISION**
         Plaintiff,              )
                                 ) Case No. 2:12-CV-483 TS
     v.                          )
                                 ) District Judge Ted Stewart
GARY R. HERBERT et al.,          )
                                 )
         Defendants.             )
                                 )
                                 )
_____
```

Plaintiff/inmate, Shayne E. Todd, filed a *pro se* civil-rights complaint, *see* 42 U.S.C.S. § 1983 (2012), proceeding *in forma pauperis*, *see* 28 *id.* 1915.  His claims attack Defendants Utah Governor Gary R. Herbert, former Utah Governor Jon M. Huntsman, former Utah Governor Michael O. Leavitt, and current and former Utah Board of Pardons and Parole (BOP) members Michael R. Sibbett, Donald E. Blanchard, Curtis L. Garner, Cheryl Hansen, Jesse Gallegos, Keith N. Hamilton, Clark A. Harms, Angela F. Micklos, Robert S. Yeates, and Chyleen Arbon, and Jane and John Does one through twenty-five, for violating the Utah Constitution and the Federal Equal Protection Clause, and for illegally conspiring together, in determining to deny Plaintiff parole in his BOP hearings up to now.

The Court screens these claims under the standard that any claims in a complaint filed *in forma pauperis* must be dismissed if they are frivolous, malicious or fail to state a claim upon which relief may be granted.  *See id.* §§ 1915-1915A.

**ANALYSIS**

**1. Grounds for Sua Sponte Dismissal**

In evaluating the propriety of dismissing a complaint for failure to state a claim upon which relief may be granted, this Court takes all well-pleaded factual assertions as true and regards them in a light most advantageous to the plaintiff. *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). Dismissal is appropriate when, viewing those facts as true, the plaintiff has not posed a "plausible" right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556). When a civil-rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," the Court considers those assertions "conclusory and not entitled to" an assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55). In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of

mustering factual support for *these* claims." *Red Hawk*, 493 F.3d at 1177 (italics in original).

This Court must construe these *pro se* "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted). In the Tenth Circuit, this means that if this Court can reasonably read the pleadings "to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Still, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.; see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam)). Dismissing the complaint "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278,

1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

### 2. Improper Defendants

The complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, No. 08-2222, 2009 U.S. App. LEXIS 15944, at *4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins*, 519 F.3d at 1250). Plaintiff cannot name an entity or individual as a defendant based solely on supervisory position. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983). Further, "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

Based on this standard, Plaintiff has done nothing to affirmatively link several of the defendants to a violation of his constitutional rights, but has instead identified them merely

as supervisors, at whatever level, and people who ignored or denied letters of grievance. Plaintiff's claims against them may not survive this screening then. The following defendants are thus dismissed: Governor Gary Herbert and former Governors Jon Huntsman and Michael Leavitt.

Other defendants against whom Plaintiff has stated no affirmative link to a constitutional violation are dismissed as well: Jane and John Does one through twenty-five.

### 3. Statute of Limitations

"Utah's four-year residual statute of limitations . . . governs suits brought under section 1983." *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995). Plaintiff's claims accrued when "'facts that would support a cause of action are or should be apparent.'" *Id.* at 675 (citation omitted). Plaintiff's claims about anything occurring before May 14, 2008 are thus dismissed, based on the statute of limitations.

### 4. Denial of Parole

Plaintiff argues that, in determining whether he should be paroled, BOP members failed to adhere to equal-protection principles found in the Federal Constitution and guarantees found in the Utah Constitution.

Three things keep Plaintiff from moving past the screening stage of his complaint here: First, he has not met the pleading standard set forth above. He does nothing more than make "bare

assertions." *Iqbal*, 129 S. Ct. at 1951; *see also Straley v. Utah Bd. of Pardons*, No. 08-4170, 2009 U.S. App. LEXIS 21309, at *17 (10th Cir. Sept. 28, 2009) (stating "bare equal protection claims are simply 'too conclusory' to permit a proper legal analysis") (citation omitted).

Second, he has not stated the violation of a federal constitutional right. After all, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). "Parole is a privilege," not a constitutional right. *See Lustgarden v. Gunter*, 966 F.2d 552, 555 (10th Cir. 1992). Furthermore, it is well established that the Utah parole statute does not create a liberty interest entitling prisoners to federal constitutional protection. *See Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994). Because Plaintiff has no substantive liberty interest in parole under the Federal Constitution, he cannot in this federal suit allege it was unconstitutional to deny him parole. *See Olim v. Wakinekona*, 461 U.S. 238, 250 (1983). Therefore, the Court concludes that Plaintiff fails to state a claim here, and any related claims are dismissed.

Finally, the Court also considers Plaintiff's arguments about breach of Utah's constitutional requirements, presumably based on *Labrum v. Utah State Bd. of Pardons*, 870 P.2d 902

6

(1993). *Labrum* is Utah law and is neither controlling nor persuasive in this federal case. It is well-settled that a federal court may grant relief only for violations by state actors of the Constitution or laws of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Errors of state law do not constitute a basis for relief. *Estelle*, 502 U.S. at 67; *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Plaintiff thus has no valid argument here based on asserted violation of the Utah Constitution.

### 6. Constitutionality of Utah's Indeterminate Sentencing Scheme

Plaintiff appears to attack Utah's indeterminate sentencing scheme as unconstitutional. "It is not," the Tenth Circuit has succinctly stated. *Straley*, 2009 U.S. App. LEXIS 21309, at *10. This claim therefore also fails and is dismissed.

### 7. Conspiracy

Without any details, Plaintiff alleges that the defendants have all conspired against him to keep him from being paroled. In support of this argument, Plaintiff simply cites the BOP defendants' decision to all vote in favor of denying him parole. "'[W]hen a plaintiff attempts to assert the state action required for a § 1983 action against private actors based on a conspiracy with government actors, mere conclusory allegations with no supporting factual averments are insufficient.'" *Anderson v. Toomey*, No. 08-4221, 2009 U.S. App. LEXIS 8655, at *4 (10th Cir.

7

Apr. 21, 2009) (unpublished) (quoting *Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005)).  Instead, "the plaintiff must specifically plead 'facts tending to show agreement and concerted action.'"  *Beedle*, 422 F.3d at 1073 (quoting *Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983)).  Plaintiff has not come anywhere close to meeting this responsibility.  And, his vague assertions that things are not going well for him and, therefore, a conspiracy must be involved, do not make sense.  A unanimous vote--by itself--is not tantamount to a conspiracy.  An equally viable interpretation is that each BOP member heard the same information about Plaintiff and determined individually that he did not make a good parole prospect.  His conspiracy claim is thus dismissed.

## CONCLUSION

The Court concludes that Plaintiff's complaint fails to state a claim upon which relief may be granted.  *See* 28 U.S.C.S. § 1915(e)(2)(B)(ii) (2012).  And, it would be futile to give him another chance to amend his complaint.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's complaint is **DISMISSED,** and this case is **CLOSED.**

BY THE COURT:

DATED this 29th day of October, 2012.

_____
CHIEF JUDGE TED STEWART
United States District Court